UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GODFREY JOSEPH on behalf of the                                                     PLAINTIFF
wrongful death beneficiaries of
REGINALD A. JOSEPH

v.                                              Civil Action No.    3:22-cv-193-DPJ-FKB

UNITED STATES OF AMERICA                                                            DEFENDANT

## COMPLAINT

Godfrey Joseph, on behalf of the wrongful death beneficiaries of Reginald A. Joseph, files this complaint for damages against the United States of America and states the following in support of his claims.

**PARTIES**

1. The plaintiff Godfrey Joseph is an adult citizen of Mississippi who resides at 6149 Highway 61 North, Port Gibson, Mississippi 39150. Godfrey Joseph is Reginald A. Joseph's brother. He brings this lawsuit on behalf of himself and Reginald A. Joseph's other wrongful death beneficiaries, Leo Joseph, Jr. and Malcolm Joseph.

2. The United States of America is named as a defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

**JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS**

3. The Court has jurisdiction over the subject matter of this civil action for damages under the Federal Tort Claims Act pursuant to 28 U.S.C. §§ 1331, 1346.

4. Venue is proper in this judicial district under 28 U.S.C. § 1402 as the acts and omissions complained of occurred in this judicial district.

5. The plaintiff presented an administrative claim to the United States Department of Veterans Affairs pursuant to 28 U.S.C. § 2675 on or about October 6, 2020. The Department notified the plaintiff of the denial of the claim by its letter of October 14, 2021.

6. Should it be required, an attorney's certificate compliant with Miss. Code Ann. § 11-1-58 is attached.

**FACTS**

7. Reginald A. Joseph was a veteran of the United States Air Force. At the time of his death and at all times relevant to this complaint, the plaintiff was an established patient of the Veterans Affairs Medical Center (VAMC) in Jackson, Mississippi.

8. Reginald A. Joseph had been under long term medical care at VAMC for treatment of schizophrenia. In 2007, his physician prescribed clozapine, and his dosage of the drug was adjusted upward until August 8, 2012. At that time, his was prescribed **100 mg tablets** with instructions to take six tablets at bedtime (600 mg per day). The dosage and instructions remained the same for the next six years—through the prescription he received on September 5, 2018.

9. From the medical record, it appears James C. Brister, M.D. and Jared K. Taylor, M.D., psychiatrists on staff at VAMC prescribed clozapine to Mr. Joseph. This course of medical therapy appears to have been overseen by James E. Mack, Ph.D., a psychopharmacologist on staff at VAMC. Clozapine can cause a variety of serious side effects, and physicians and other practitioners must monitor patients closely.

10. Each of Dr. Mack's mental health progress notes from the final months of Reginald A. Joseph's life—from July 11, August 8, September 5, and October 3, 2018—noted that Mr. Joseph was on 600 mg of clozapine per day. Dr. Mack further noted Mr. Joseph's good compliance with taking the medication as prescribed. Each of Dr. Mack's notes says that Mr. Joseph "will continue clozapine as listed above"—the 600 mg dosage Mr. Joseph had been on for six years.

11. Although Dr. Mack's note of October 3, 2018 stated that Mr. Joseph's clozapine prescription would continue as before, the VAMC pharmacy filled Mr. Joseph's prescription with **200 mg tablets.** Although the label on the pill bottle instructed Mr. Joseph to take three pills at bedtime, he continued to take six pills just as he had done for the previous six years per his doctor's instructions.

12. Reginald A. Joseph took 1200 mg of clozapine for at least five days.

13. Per its prescribing instructions, the maximum daily dose of clozapine is 900 mg.

14. Reginald A. Joseph suffered acute clozapine toxicity.

15. Reginald A. Joseph died on October 8, 2018.

16. Acute clozapine toxicity caused or contributed to Reginald A. Joseph's death.

### Negligence

17. The VAMC pharmacy, medical, or other staff breached the applicable standards care by filling the prescription of clozapine with a different dosage of pills, failing to instruct Reginald A. Joseph that the dosage had been changed and that he should only take three pills per day, and other acts of negligence to be shown at trial.

18. The breach of the standard of care proximately caused or contributed to Reginald A. Joseph's death.

**DAMAGES**

19. The plaintiff seeks the following damages which were proximately caused by the defendant's negligence described above:

   a. Reginald A. Joseph's final medical expenses

   b. Reginald A. Joseph's funeral and burial expenses

   c. Reginald A. Joseph's conscious pain and suffering

   d. Loss of Reginald A. Joseph's earnings

   e. The wrongful death beneficiaries' loss of society, companionship, and services.

20. The plaintiff seeks any category of damages available under the law and supported by the evidence whether or not enumerated in the preceding paragraph.

WHEREFORE, Godrey Joseph seeks judgment against the United States of America in an amount to fully compensate Reginald A. Joseph's wrongful death beneficiaries for their damages.

Dated: April 13, 2022.

                                    Respectfully submitted,

                                    GODFREY JOSEPH

                    By:   /s/ James M. Priest, Jr.      ,
                          His Attorney

Of Counsel:

James M. Priest, Jr., MSB # 99352
Gill, Ladner & Priest, PLLC
344 Highway 51, Second Floor
Ridgeland, MS 39157
(601) 352-5700
jamie@glplawfirm.com

CERTIFICATE OF ATTORNEY

      I, James M. Priest, Jr., one of the plaintiff's attorneys, hereby certify that I have reviewed the facts of the case and have consulted with at least one expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence[1] who is qualified to give expert testimony as to standard of care or negligence and who I reasonably believe is knowledgeable in the relevant issues involved in this particular action, and that I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement/maintenance of this action.

      SO CERTIFIED: April 13, 2022.

By:   /s/ James M. Priest, Jr.     ,
        Plaintiff's counsel

---

[1] Citation is to the state rules of civil procedure and evidence pursuant to the language of Miss. Code Ann. § 11-1-58(1)(a).